IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**TYRONE L. LYNCH,**

   **Petitioner,**

**v.**            **Case No. 5:19-cv-00849**

**D.L. YOUNG, Warden,**
**FCI Beckley,**[1]

   **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

 Pending before the court is Tyrone L. Lynch's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A. Petitioner's relevant criminal proceedings.

 On July 14, 2014, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to one count of possession with intent to distribute cocaine base,

---

[1]  The proper respondent in a habeas corpus action is the petitioner's current custodian.  The Clerk is directed to modify the docket sheet and style of this case to reflect that D.L. Young, the Warden at FCI Beckley is the respondent herein.

in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). *United States v. Lynch*, No. 1:13-cr-535, ECF Nos. 27, 28 (N.D. Ohio July 14, 2014). On September 30, 2014, Petitioner was sentenced to 180 months in prison, followed by a three-year term of supervised release. *Id.*, ECF Nos. 44, 51.

Pursuant to 18 U.S.C. § 924(e)(2) (the "Armed Career Criminal Act" or "ACCA"), due to his prior criminal history, Petitioner was determined to be an armed career criminal, which subjected him to a statutory enhancement with a mandatory minimum sentence of 15 years on the firearms offense.[2] Petitioner's sentence also included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("guidelines") for being a career offender.[3]

---

2   The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. Subsection (ii) contains four enumerated offenses (the "enumerated offense clause"), followed by what is known as the "residual clause." Petitioner has two prior convictions in Ohio for felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1), and one prior Ohio conviction for fourth degree felony drug trafficking, in violation of Ohio Rev. Code § 2925.03.

3   Section 4B1.1(a) of the guidelines provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The definitions of "violent felony" and "crime of violence" as used in the ACCA and career offender guideline are substantially similar.

After his direct appeal was denied by the United States Court of Appeals for the Sixth Circuit, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Ohio (hereinafter "the sentencing court"). On December 29, 2015, upon agreement of the government, the sentencing court vacated Petitioner's judgment due the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On February 9, 2016, Petitioner was resentenced without the ACCA enhancement. Although his revised sentence still included the career offender enhancement, the sentencing court varied downward and sentenced him at a guideline level of 25, with a criminal history category of VI, resulting in an advisory sentencing guideline range of 110-137 months. Petitioner was sentenced to 120 months in prison, which was the statutory maximum sentence for the firearm offense. He did not appeal his new sentence.

**B.    Petitioner's other prior post-conviction filings.**

Petitioner subsequently filed two other § 2255 motions. The first motion challenged the application of the career offender enhancement, claiming that Petitioner's Ohio felonious assault convictions are not crimes of violence under the guideline definition in USSG 4B1.2 based upon *Johnson*. On March 23, 2017, the sentencing court denied Petitioner's first motion, finding that *Johnson* did not invalidate the residual clause of the career offender guideline, *see Beckles v. United States*, 137 S. Ct. 886 (2017), that Ohio felonious assault still qualified as a crime of violence under the guideline, and that Petitioner had waived this claim through the collateral attack waiver in his plea agreement.

Petitioner's second § 2255 motion filed after his resentencing again raised a challenge to his career offender enhancement, asserting that none of his prior offenses categorically qualified as predicate offenses under the career offender guideline.   His assertions were based upon the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).   The sentencing court found that the motion was an unauthorized second or successive § 2255 and transferred the matter to the United States Court of Appeals for the Sixth Circuit for consideration for authorization to file a second or successive § 2255 motion.   On December 13, 2017, the Sixth Circuit denied Petitioner authorization to file a second or successive § 2255 motion, finding that none of the cases on which he relied constituted a new rule of constitutional law made retroactive by the Supreme Court.

### C.    The instant petition for writ of habeas corpus.

On December 2, 2019, Petitioner filed the instant § 2241 petition (ECF No. 1), again asserting that his felonious assault and controlled substance convictions do not qualify as predicate offenses for the career offender enhancement based upon the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Sixth Circuit's decisions in *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Consequently, Petitioner contends that he does not meet the criteria for the career offender enhancement and must be resentenced without it.   Because it is apparent from the face of the amended petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required Respondent to respond to the amended petition.

## ANALYSIS

**A.    The petitioner is not entitled to relief under section 2241.**

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Northern District of Ohio.   Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.   However, Petitioner has already unsuccessfully filed § 2255 motions therein, as well as authorization from the Sixth Circuit to file a second or successive § 2255 motion.   *See* 28 U.S.C. § 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention.    *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention.  *Id.* at 332.   Thus, the fact that Petitioner's prior § 2255 motions were denied will not permit this court to review his claim under section 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).   In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing, which in this case is the Sixth Circuit, that controls.   *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")

Here, Petitioner contends that the Sixth Circuit issued its decision in *Burris*, relying on the Supreme Court's decisions in *Descamps* and *Mathis*[4], after his opportunity to file a direct appeal and a timely § 2255 motion and, thus, § 2255 is inadequate or ineffective to test the legality of his detention.   Specifically, concerning his felonious assault convictions, Petitioner contends:

> The majority of the court in *Burris* held that a conviction under Ohio Revised Code § 2903.11(a)(1) was not a crime of violence.   My career offender classification was based [on] a prior conviction for attempted felonious assault under O.R.C. § 2903.11(a)(1).   Because any plea agreement and sentence was based on a finding that I was a career offender, which is no longer true post-*Burris*, my sentence reflects a fundamental defect.

(ECF No. 1 at 6).

The en banc *Burris* Court found, *inter alia*, that Ohio's felonious assault statute criminalized conduct broader than that contemplated in the generic definition of a crime of violence in USSG § 4B1.2(a) and, thus, does not categorically qualify thereunder. Although Petitioner appears to be asserting that, pursuant to *Descamps* and *Mathis*, and the Sixth Circuit's decision in *Burris*, there has been an intervening change in substantive law that retroactively nullifies his career offender enhancement, all of those decisions involve a purely procedural rule that was controlling at the time of Petitioner's sentencing, and those decisions have not been made retroactive on collateral review.[5]

---

4  In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches to determine whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the ACCA.   The Court made it clear that these decisions were dictated by, and mere clarifications of, prior controlling case law.

5  In denying Petitioner's § 2255 motions following his resentencing, the sentencing court further found that Petitioner's felonious assault crime used as a predicate offense still qualified under the career offender guideline's residual clause, which was not invalidated by *Johnson*.   *See Beckles v. United States*, 137 S. Ct. 886 (2017).

Courts within the Fourth Circuit, where Petitioner is incarcerated, and the Sixth Circuit, where he was sentenced, have found that *Descamps* and *Mathis* do not represent a substantive change in the law.   *See, e.g., Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at \*2 (N.D. W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (*Descamps* did not announce a new rule that is retroactively applicable on collateral review); *Thompson v. Terris*, No. 2:17-cv-10048, 2017 WL 2832560, at \*5 (E.D. Mich. June 30, 2017), *aff'd*, No. 17-1837, 2018 WL 3570974 (6th Cir. May 21, 2018) ("numerous judges in this district have concluded that *Mathis* likewise did not create a new rule of law made retroactively applicable on collateral review"); *Sandlain v. United States*, No. 14-cr-20283, 2017 WL 2002005, at \*5 (E.D. Mich. May 12, 2017); *but see Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) (applying *Descamps* retroactively in collateral challenge to <u>mandatory</u> guideline career offender enhancement after government's concession thereto).

Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review."   *Adams*, 2019 WL 3428549, at \*2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, \* 3 (E.D.N.C. Feb. 20, 2019) (finding § 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review).   Thus, these cases do not represent a change in substantive law that would apply retroactively

8

on collateral review.   Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test based upon those decisions.

Petitioner further contends that the Sixth Circuit's en banc decision in *United States v. Havis,* 927 F.3d 382, 386 (6th Cir. 2019), renders his career offender enhancement invalid.   His petition asserts:

> The district court also found that I qualify as a career offender based upon my prior Ohio conviction for drug trafficking under Ohio Rev. Code § 2925.03(A)(1).   Mr. Lynch states that his prior Ohio drug trafficking conviction no longer qualifies as a controlled substance predicate prior conviction under U.S.S.G. § 4B1.2, based upon the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) . . . arguing that because the Ohio drug trafficking statute prohibits an "offer to sell" a controlled substance, that offer to sell is an attempt to distribute a controlled substance.

(*Id.*)

In *Havis*, the Sixth Circuit held that the guideline definition of "controlled substances offense" does not include attempt crimes because the Sentencing Commission overstepped its authority when it expanded the applicability of USSG § 4B1.2(b) in the commentary thereto to include attempt offenses without subjecting the rule to congressional review or notice and comment.   *Id.* at 386-87.   However, *Havis*, which was also a direct appeal, has not been determined to be retroactive on collateral review. *See, e.g., Bullard v. United States,* 937 F.3d 654, 661 (6th Cir. 2019) (noting that a petitioner "cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines."); *Cain v. United States,* No. 2:09-cr-031, 2020 WL 3513417, at *3 (E.D. Tenn. June 29, 2020) ("Were Petitioner sentenced today, *Havis* might well dictate that he is not a career offender.   But Petitioner cannot invoke *Havis* to attack the qualifying status of this conviction (or any conviction)

in the current proceeding which is a collateral attack on his conviction and sentence.");

*Chapman v. Terris*, No. 19-11247, 2019 WL 5733708, *2 (E.D. Mich. Nov. 5, 2019) (*Havis*

has not been made retroactive on collateral review, and relied on the Administrative

Procedures Act, not *Mathis* or *Descamps*); *Goddard v. United States*, 2019 WL 3290118,

at *3 (E.D. Ky. July 22, 2019).

Nonetheless, even if Petitioner could satisfy the second prong of *Wheeler* by

demonstrating that any of the decisions upon which he relies is a substantively retroactive

change in the law, he cannot satisfy the fourth prong, which requires a showing that his

sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).   In *Lester*, the Fourth Circuit

concluded that a misclassification as a career offender can be a fundamental defect if the

sentencing occurred pre-*Booker*, when the guidelines were mandatory.   *Id.* at 714.

However, the *Lester* Court explicitly noted that, had Lester's career offender

misclassification occurred under the post-*Booker*, <u>advisory</u> guidelines, which "lack legal

force," his petition would have been barred as failing to meet the fourth *Wheeler* prong.

*Id.* at 715 ("*Foote*[6]  undoubtedly would bar Lester's petition had he been sentenced under

the advisory Guidelines."); *see also Braswell v. Smith*, 952 F.3d 441, 450 (4th Cir. 2020)

("Appellant was deemed a career offender under an advisory Guidelines scheme; thus, to

---

[6]  In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit concluded that a claim that the defendant was misclassified as a career offender under the advisory Guidelines was not cognizable under § 2255.  784 F.3d at 932.  The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).  The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  *Id.* at 940, 944.

the extent Appellant bases his *Wheeler* claim on his career offender designation, he does not satisfy prong four."). The *Lester* court found that "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.* Rather, under the advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* The *Lester* Court further recognized that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716.

The Sixth Circuit has also recognized that sentencing relief under the savings clause is unavailable to prisoners who were sentenced post-*Booker*. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2012); *Cardona v. Joyner*, No. 7:20-cv-00035-GFVT, 2020 WL 2089818, at *3 (E.D. Ky. Apr. 30, 2020) (defendant re-sentenced to identical sentence under an advisory sentencing regime could not satisfy savings clause). Thus, even if the career offender guideline was misapplied in his case, because Petitioner was re-sentenced under the post-*Booker*, advisory guidelines, he cannot satisfy the fourth *Wheeler* prong of demonstrating that such error was a fundamental defect, and, therefore, he fails to satisfy the § 2255(e) savings clause.

**B.    Petitioner's petition is not appropriate for transfer.**

Furthermore, as noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Petitioner's claim by this court under § 2241. In light of the fact that Petitioner has already unsuccessfully challenged his sentence in a prior § 2255 motion, he is likely barred from pursuing his claim under § 2255 now, absent

authorization by the Sixth Circuit under the narrow parameters of 28 U.S.C. § 2255(h). While this court could construe Petitioner's petition as a § 2255 motion and transfer it to his sentencing court, such action would be futile because the motion would be another unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claim contained in his § 2241 petition.

<u>**RECOMMENDATION**</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

August 5, 2020

Dwane L. Tinsley
United States Magistrate Judge